IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FRANKLIN M. SAVICKI,

                Plaintiff,

v.

UNITED STATES OF AMERICA,

                Defendant.

CIVIL ACTION
NO.

## COMPLAINT

This is an action against Defendant, United States of America, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et. seq.*, for negligence and medical malpractice in connection with medical care and treatment provided to Plaintiff, Franklin M. Savicki, by the Department of Veterans Affairs at the Brockton Veteran Affairs Medical Center in Brockton, Massachusetts.

### Parties

1. Plaintiff, Franklin M. Savicki (hereinafter referred to as "Plaintiff" or "Mr. Savicki"), resides at 25 Manor Boulevard, Monroe Township, Middlesex County, State of New Jersey.

2. Defendant, United States of America, owns and operates the Brockton Veteran Affairs Medical Center located in Brockton, Massachusetts ("Brockton VA"), where, at all times relevant hereto, Plaintiff Franklin M. Savicki received medical care and treatment from Defendant's servants, agents, and/or employees while acting in the scope of their employment with and/or on behalf of Defendant, United States of America.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1346 and § 2671 *et. seq.*

4.  Venue is proper under 28 U.S.C. § 1402, as the acts and omissions at issue occurred in the City of Brockton, Massachusetts, within the District of Massachusetts.

5.  Plaintiff Mr. Savicki timely presented his claim to the Department of Veterans Affairs, in accordance with 28 U.S.C. § 2675(a), which claim was denied on February 6, 2025. *Claim Letter, attached hereto as Exhibit 1; Denial Letter, attached hereto as Exhibit B.* This Complaint is timely filed, within six (6) months of the notice of denial of Plaintiff's claim, under 28 U.S.C. § 2401(b).

## Factual Allegations

6.  On or about February 14, 2023, following two (2) fall incidents at home in the previous week and ongoing difficulty with his alcohol use, Plaintiff Franklin M. Savicki voluntarily admitted himself to emergency care at West Roxbury VA Medical Center for treatment.

7.  On or about February 17, 2023, after three (3) days of stabilization and medically assisted detox, Mr. Savicki was transferred from the West Roxbury VA Medical Center to the Brockton VA Medical Center's onsite detox facility.

8.  Mr. Savicki was admitted to the Brockton VA facility at approximately 11:00 PM, where a staff member helped him off a gurney and performed an initial assessment, took his vitals, and assisted him in changing into hospital pajamas.

9.  Mr. Savicki was identified as a high fall risk due to a combination of factors, including his age, history of falls, limited mobility, vision impairment, and medication regimen.

10. Several fall risk interventions were put in place for Mr. Savicki, including treaded socks, adequate lighting, hourly rounding, a bed alarm, bedrails to be up, a call light and urinal to be within reach, a fall risk sign to be posted, and to be placed close to the nurses' station.

11. Nonetheless, despite his well-documented risk of falling and the many interventions in place, Brockton VA staff members failed to ensure that Mr. Savicki was assigned a bed with adequate fall protections and safely escorted thereto.

12. Just prior to midnight, on or about February 17, 2025, a Brockton VA staff member accompanied Mr. Savicki as he walked with the assistance of his walker to the shared bunk room.

13. When they arrived at the room, the staff member opened the door to a dark room with multiple beds where other patients were sleeping, pointed Mr. Savicki to a bed in the far corner of the room, and then closed the door behind him.

14. Mr. Savicki, using his walker, slowly attempted to find his bed across the darkened room, but suffered a severe fall before he was able to reach the bed.

15. No Brockton VA medical professionals, attendants, or staff members were present, so other patients in the room came to Mr. Savicki's aid and called for help.

16. When staff arrived at the room, they immediately called 911 due to the severity of Mr. Savicki's fall.

17. Mr. Savicki was transported by ambulance to Good Samaritan Hospital in Brockton, Massachusetts, where he was diagnosed with a fractured C2 vertebra, requiring an emergency fusion surgery, extensive rehabilitation, and leaving Mr. Savicki with ongoing, chronic pain and substantial physical limitations.

18. Defendant, United States of America, by and through its healthcare facility at the Brockton Veteran Affairs Medical Center, including its servants, agents, and/or employees, owed a duty of care to Plaintiff in accordance with accepted standards of medical care and treatment.

19. Defendant, United State of America, by and through its healthcare facility at the Brockton Veteran Affairs Medical Center, including its servants, agents, and/or employees, breached its duty of care by negligently failing to provide care to the Plaintiff in accordance with accepted standards of medical care and treatment, and by failing to employ adequate interventions and fall protection measures for a high risk patient like Mr. Savicki.

20. As a direct and proximate result of the Defendant's negligence, Mr. Savicki was caused to fall and suffer a severe fracture of his C2 vertebra.

## Count I

### Medical Malpractice -- Negligence

21. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. Defendant, by and through its healthcare facility at the Brockton VA and its staff, had a duty to provide Plaintiff with medical care in accordance with accepted standards of medical care and treatment.

23. Defendant, by and through its healthcare facility at the Brockton VA and its staff, breached its duty of care to Plaintiff by negligently failing to implement appropriate fall-prevention measures, failing to adhere to established safety protocols for high-risk patients, and failing to provide the supervision and assistance necessary to prevent foreseeable harm to Plaintiff.

24. As a direct and proximate result of the negligence of Defendant's personnel, Plaintiff, Franklin M. Savicki, was caused to suffer severe personal injuries requiring extensive

medical treatment and rehabilitation, great pain of body and anguish of mind, permanent disability and impairment of quality of life, and significant medical expenses.

WHEREFORE, the Plaintiff, Franklin M. Savicki, prays that judgment be entered against the Defendant, United States of America, in a full, fair, and just amount, not to exceed $3,000,000.00, together with costs and such other relief as the Court deems appropriate.

The Plaintiff,

By His Attorneys,

MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.

*/s/Robert F. Foster*
Robert F. Foster, Esq.
Massachusetts Board of Bar Overseers No. 697532
100 Cambridge Street, Suite 2101
Boston, MA, 02114
(617) 523-8300
rfoster@meehanboyle.com

DATED:      July 28, 2025